COSTER et ux. v. COSTER et al.

(Supreme Court, General Term, Second Department.    December 12, 1892,)

PARTITION—SALE.

    In a suit to partition between three cotenants two tracts of land, one containing 8 and the other 31 acres, one of the parties insisted that there should be an actual partition, so that he could hold his share in anticipation of a rise in value. The evidence showed that each parcel could be sold to advantage as a whole, but that neither parcel could be advantageously sold if divided. *Held* proper to order a sale of the property.

Appeal from special term, Westchester county.

Action by Henry A. Coster and Mary L. Coster, his wife, against Julia De Lancey Coster and Cornelia F. Coster, for partition of two parcels of land, of which each of said parties, except Mary L. Coster, owned an undivided one-third interest. One parcel contained 31 acres, and the other 8 acres. The referee found that, while each parcel could be sold to advantage as a whole, no one part of either could be advantageously sold if a division of the land was made. Cornelia F. Coster wished her third set off to her in severalty, claiming that the property was rising in value, and that she had a right to have the advantage of such rise. The court ordered a sale of the land, and a division of the proceeds. Cornelia F. Coster appeals. Affirmed.

Argued before BARNARD, P. J., and PRATT, J.

Dill, Chandler & Seymour, (Frederick Seymour, of counsel,) for appellant.

Billings & Cardozo, (Coles Morris, of counsel,) for respondents Henry A. Coster and Mary L. Coster.

Edgar J. Nathan, for respondent Julia De Lancey Coster.

PRATT, J.    The referee's conclusions are sustained by the proof. If appellant is right in her views of the value of the eight-acre lot, she can protect her rights by buying it upon the sale. As she is entitled to one third the whole estate, and the eight-acre lot is of far less value than one third, so to do would not require any cash payment, and would be substantially the same as its being set aside to her, as she desires.

Judgment affirmed.